**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4023**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONNA JEAN LUCAS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge. (CR-04-99-F)

_____

Submitted:  June 23, 2005          Decided:  June 28, 2005

_____

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Jane E. Pearce, Research and
Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D.
Whitney, United States Attorney, Anne M. Hayes, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Donna Jean Lucas appeals from the district court's judgment revoking her supervised release and imposing a twenty-four-month sentence. We affirm.

We review a district court's judgment imposing a sentence after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2005). Moreover, because Lucas' sentence does not exceed the statutory maximum under § 3583(e)(3), we review the sentence only to determine whether it is "plainly unreasonable." See 18 U.S.C. § 3742(a)(4) (2000).

On appeal, Lucas contends her sentence is plainly unreasonable because it exceeds the applicable range under U.S. Sentencing Guidelines Manual § 7B1.4(a) (2004), and that a sentence within the Guidelines would have imposed adequate punishment. However, while the applicable sentencing range is one of the factors to be considered, it is advisory only, see 18 U.S.C. § 3553(a)(4)(B) (2000); Davis, 53 F.3d at 640-41, and we find the district court properly considered Lucas' need for intensive drug treatment when determining the length of her sentence. See 18 U.S.C. § 3553(a)(1), (2) (2000). Thus, the district court did not

abuse its discretion, and Lucas' sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>